**Opinion issued June 26, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00895-CR**

———————————

**FELICIA YVONNE POLK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1264461**

## MEMORANDUM OPINION

Appellant, Felicia Yvonne Polk, pleaded guilty to the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2013), § 22.02(a)(2) (West 2011). In accordance with appellant's plea-bargain agreement with the State, the trial court found sufficient evidence to find

appellant guilty, but deferred making any finding regarding appellant's guilt and placed appellant on community supervision for a period of 5 years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(a) (West Supp. 2013). The State then filed a motion to adjudicate appellant's guilt. *See id.* §§ 5(b), 21(e). Appellant pleaded true to three alleged violations of the terms of her community supervision. The trial court found one allegation true, adjudicated appellant guilty, and sentenced appellant to 5 years in prison with a $500 fine. *See id.* §§ 5(b), 21(b), 23. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744, 87 S. Ct. at 1400; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

In response, appellant has filed four letters with the Court. In her letters, appellant contends that her counsel "told [her] that the paperwork [she] was signing was reinstatement paperwork and that [her] [community supervision] wasn't revoked." Appellant further contends that she has three children and an elderly mother that need her at home. Finally, appellant requests a two year sentence, and she requests information "on options regard[ing] reduced sentencing."

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Jerome Godinich, Jr. must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that she may, on her own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).